# EXHIBIT A

3/25/2022 3:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62975437
By: Cecilia Thayer
Filed: 3/25/2022 3:15 PM

**2022-18301 / Court: 151**

CAUSE NO. _____

| | | |
|---|---|---|
| STEVE ELLIS, *Plaintiff*, | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § § § | HARRIS COUNTY, TEXAS |
| KROGER TEXAS L.P., d/b/a KROGER, *Defendant*. | § § § § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff, STEVE ELLIS (hereinafter "Plaintiff" or "Mr. Ellis"), complaining of and about Defendant, KROGER TEXAS L.P., d/b/a KROGER (hereinafter "Defendant"), and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of TEXAS RULES OF CIVIL PROCEDURE § 190.3 because this suit is not governed by TEXAS RULES OF CIVIL PROCEDURE §§ 190.2 or 190.4.

### II. PARTIES AND SERVICE

2. Plaintiff is an individual residing in Harris County, Texas, and may be served through his attorneys of record, C. Chad Pinkerton and Joe De Leon, The Pinkerton Law Firm, PLLC, 550 Westcott St. Suite 590, Houston, TX 77007.

1

3.  Kroger Texas, L.P. is a foreign limited partnership doing business in Texas. This Defendant can be served through its registered agent, Corporation Service Company, at 211 E. 7th Street Suite 620, Austin, Texas 78701.

### III. MISNOMER/ALTER EGO

4.  In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV. REQUEST PURSUANT TO RULE 28

5.  To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this Petition, that Defendant answers in its correct legal and assumed name.

### V. JURISDICTION AND VENUE

6.  The subject matter in controversy is within the jurisdictional limits of this Court.

7.  This Court has personal jurisdiction over Defendant as it resides and/or was doing business in Texas and committed a tort in this state that is the subject of this lawsuit.

8.  The events giving rise to Plaintiff's claim(s) occurred in Harris County, Texas. Venue is therefore proper in Harris County, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

### VI. FACTS

9.  On the evening of August 4, 2021, Plaintiff Steve Ellis was a customer at the Kroger located at 14344 Memorial Drive, Houston, Texas 77079. John Doe was the manager of the Kroger store and was responsible for the safety of the store's premises. Plaintiff sought to purchase

groceries for himself and his two sisters who were visiting from out of town. While leading his sisters through the grocery store and into the frozen foods section, Mr. Ellis suddenly slipped and fell on the hard floor in front of a freezer. When Mr. Ellis slipped, he fell and hit his shoulder, elbow, and back on the hard floor, resulting in serious bodily injury. Only after the fall did Mr. Ellis notice that the floor beneath him was wet. Neither Plaintiff, his sisters, nor witnesses were able to easily discern that the floor was in such a hazardous and slippery condition due to the transparency of the liquid and the light coloration of the floor. There was no signage warning patrons of the apparent danger. Upon information and belief, the freezer unit on the premises had been leaking fluid, and Defendant or Defendant's agents/employees were aware of such conditions.

10. At the time of the incident, Plaintiff was an invitee on the property in question. The property is owned, controlled, and/or managed by Defendant. Based on information and belief, the dangerous condition had existed and had not been addressed by Defendant. Furthermore, there were no warning signs present to provide notice of the dangerous condition. Defendant breached its duty to provide a safe and clean walkway for its patrons, including Plaintiff.

11. Plaintiff did not contribute to the incident in question. Plaintiff's fall was proximately caused by the negligence of Defendant, and/or Defendant's agents, servants, employees, representatives, and/or individuals under the direction, control, and/or management of Defendant.

### VII. CAUSES OF ACTION

**A. Negligence**

12. Plaintiff re-alleges each and every allegation set forth above.

13. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

14. Plaintiff's injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty.

15. The negligent, careless, and reckless disregard of Defendant's duty consisted of, but is not limited to, the following acts and omissions:

    a. In failing to maintain the pathways of walking areas located within the grocery store's premises in a reasonably safe manner;

    b. In failing to properly train, supervise, manage, and control its employees responsible for maintaining the floor and pathways of the grocery store;

    c. In failing to warn Plaintiff of a known danger;

    d. In failing to provide Plaintiff a safe place to walk;

    e. In failing to properly and timely inspect Defendant's surroundings so as to not place the safety of others, including Plaintiff, at risk;

    f. In failing to provide appropriate job supervision;

    g. In failing to properly train its employees on proper job safety; and

    h. In consciously disregarding the safety of others through its employees being distracted and/or not paying attention to their surroundings in a well-traveled area.

**B.  Gross Negligence (Common Law and By Statute)**

16. Plaintiff re-alleges each and every allegation set forth above.

17. Herein, Plaintiff alleges gross negligence against Defendant. Defendant's actions were grossly negligent, in that, when viewed objectively from Defendant's standpoint at the time of the accident, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant and/or Defendant's agents, servants, employees, and/or representatives, and/or individuals under the direction, control, and/or management of Defendant acted with malice and/or conscious disregard for human safety by failing to properly and timely inspect Defendant's surroundings and walking areas.

18. Defendant was grossly negligent in one or more of the following manners:

   a. In failing to maintain the pathways of walking areas located within the grocery store's premises in a reasonably safe manner;

   b. In failing to properly train, supervise, manage, and control its employees responsible for maintaining the floor and pathways of the grocery store;

   c. In failing to warn Plaintiff of a known danger;

   d. In failing to provide Plaintiff a safe place to walk;

   e. In failing to properly and timely inspect Defendant's surroundings so as to not place the safety of others, including Plaintiff, at risk;

   f. In failing to provide appropriate job supervision;

   g. In failing to properly training its employees on proper job safety; and

   h. In consciously disregarding the safety of others by its employees being distracted and/or not paying attention to their surroundings in a well-traveled area.

19. The acts and omissions of Defendant were committed with complete and reckless disregard for, and willful, wanton, and actual conscious indifference of the rights, safety, and welfare of others, including Plaintiff. Such conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence, Plaintiff's injuries, and Plaintiff's damages. Thus, Plaintiff is entitled to punitive and/or exemplary damages.

**C.   Premises Liability (Alternatively)**

20. Plaintiff re-alleges each and every allegation set forth above.

21. Defendant was the premises occupier (or controller) at 14344 Memorial Drive, Houston, Texas 77079.

22. Plaintiff entered Defendant's premises as a patron of Defendant's grocery store for their mutual benefit. As such, Plaintiff was an invitee.

5

23. A condition on Defendant's premises (or premise under Defendant's control) posed an unreasonable risk of harm. Specifically, the floor of the grocery store was wet and unsafe to walk on.

24. Defendant knew or reasonably should have known of the unreasonably dangerous condition after reasonable inspection. As a matter of routine, Defendant should have known of the dangerous condition, taken timely corrective action, and provide proper notice to employees and customers frequenting the area. Defendant failed to do so.

25. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure conditions that pose a danger of harm to Plaintiff. Defendant breached this duty of ordinary care by:

   a. Failing to maintain the pathways of walking areas located within the grocery store's premises in a reasonably safe manner;

   b. Failing to properly train, supervise, manage, and control its employees responsible for maintaining the floor and pathways of the grocery store;

   c. Failing to warn Plaintiff of a known danger;

   d. Failing to provide Plaintiff a safe place to walk;

   e. Failing to properly and timely inspect Defendant's surroundings so as to not place the safety of others, including Plaintiff, at risk;

   f. Failing to provide appropriate job supervision;

   g. Failing to properly train its employees on proper job safety; and

   h. Consciously disregarding the safety of others by its employees being distracted and/or not paying attention to their surroundings in a well-traveled area.

26. Defendant's breach of such duty proximately caused severe and debilitating injuries to Plaintiff.

27. Plaintiff seeks damages within the jurisdictional limits of this Court.

**D. Negligent Hiring, Supervision, and Training**

28. Plaintiff re-alleges each and every allegation set forth above.

29. Defendant had a legal duty to hire/supervise/train competent employees. In owning and/or operating a grocery store, Defendant had a duty to ensure that its employees were properly hired, trained, and supervised while performing their respective job duties. The job duties included, but were not limited to, cleaning and maintaining the floors free from any dangerous condition.

30. Defendant breached its legal duty when Defendant negligently hired/supervised/trained its employees. Defendant did not ensure that its employees were properly trained, nor did they ensure the walkways were free from any dangerous conditions. Instead, Defendant permitted its employees to allow dangerous conditions to exist unabated, without regard to the safety of patrons, including Plaintiff, and intentionally and/or consciously disregarding the safety of others by failing to monitor and maintain awareness of the premises, contrary to the demands of safety protocols.

31. Defendant failed to properly supervise its employees while performing required safety inspections. Defendant failed to properly train its employees on the appropriate procedure for properly inspecting and maintaining awareness of potential safety hazards or the proper procedure, if any, for cleaning and maintain walkways free from dangerous conditions.

32. Defendant's breach of its duty to hire/supervise/train competent employees proximately caused severe bodily injury to Plaintiff.

**E. Negligent Undertaking**

33. Plaintiff re-alleges each and every allegation set forth above.

34. Defendant undertook the duty to perform services that they knew or should have known were necessary for Plaintiff's protection. In owning and/or operating a grocery store,

7

Defendant undertook to perform services of providing and maintaining a safe workplace for its employees and store patrons, including Plaintiff. Defendant undertook to perform services of providing appropriate job training to ensure its employees were capable and qualified to perform their job duties. Defendant undertook to perform services of safety training meetings to ensure its employees would be properly trained on job safety procedures. Defendant's operations necessarily involve the maintenance and upkeep of the areas wherein Plaintiff was injured.

35. Defendant breached such duty to Plaintiff by failing to exercise reasonable care in performing such services.

36. Plaintiff relied upon Defendant's performance of such services and/or Defendant's performance increased Plaintiff's risk of harm.

37. Defendant's breach of duties undertaken resulted in Plaintiff suffering severe injuries.

**F. Vicarious Liability / Respondeat Superior**

38. Plaintiff re-alleges each and every allegation set forth above.

39. The acts of Defendant's agents, servants, employees, representatives, and/or individuals under the direction, control, and/or management of Defendant, or the like were performed while under Defendant's employment. Defendant and its agents, servants, employees, representatives, and/or individuals under the direction, control, and/or management of Defendant, or the like, were performing work within the scope of their employment, or the work was delegated to agents, servants, employees, representatives, and/or individuals under the direction, control, and/or management of Defendant or the like.

40. At the time of the incident. Defendant's agents, servants, employees, representatives, and/or individuals under the direction, control, and/or management of Defendant, or the like, were acting on behalf of Defendant.

41. The acts performed by agents, servants, employees, representatives, and/or individuals under the direction, control, and/or management of Defendant or the like, through the general employment of Defendant proximately caused the incident in question.

## VIII. PUNITIVE DAMAGES

42. Plaintiff re-alleges each and every allegation set forth above.

43. The damages alleged herein resulted directly from Defendant's gross negligence and malice. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a). Furthermore, Defendant is liable for the damages attributed to their vice principals because they have authority over the nondelegable duties and responsibilities of Defendant.

## IX. JURY DEMAND

44. Plaintiff demands a jury trial and hereby tenders the jury fee.

## X. PRAYER

45. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendant be cited to appear and answer, and on file trial hereafter, the Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which plaintiff may be justly entitled by law or equity, including, but not limited to: prays that Defendant be cited to appear and answer herein, and that upon final trial of this case, Defendant be held liable for Plaintiff's damages of more than $1,000,000.00 but less than $10,000,000.00, and that the Court award the following relief:

   a) Pain and suffering in the past;

b) Pain and suffering in the future;
c) Mental anguish in the past;
d) Mental anguish in the future;
e) Past medical expenses;
f) Future medical expenses;
g) Physical impairment in the past;
h) Physical impairment in the future;
i) Physical disfigurement in the past;
j) Physical disfigurement in the future;
k) Past loss of household services;
l) Future loss of household services;
m) Past loss of consortium;
n) Future loss of consortium;
o) Pre-judgment interest;
p) Post-judgment interest;
q) Exemplary damages; and
r) Any other damages available under law (statutory or common law).

Herein, in accordance with the Texas RULES OF CIVIL PROCEDURE 47, Plaintiff demands *monetary relief over $1,000,000.00* for his personal injuries that make the basis of this lawsuit.

Respectfully submitted,

THE PINKERTON LAW FIRM, PLLC

/s/ C. Chad Pinkerton
**C. Chad Pinkerton**
Tx. Bar No. 24047199
cpinkerton@chadpinkerton.com
**Joe De Leon**
Tx. Bar No. 24126073
jdeleon@chadpinkerton.com
550 Westcott St, Suite 590
Houston, Texas 77006
713-360-6722 (office)
713-360-6810 (facsimile)
www.chadpinkerton.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

C Pinkerton on behalf of Chad Pinkerton
Bar No. 24047199
cpinkerton@chadpinkerton.com
Envelope ID: 62975437
Status as of 3/25/2022 3:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Lucy Gutierrez | | lgutierrez@chadpinkerton.com | 3/25/2022 3:15:47 PM | SENT |
| Service Service | | service@chadpinkerton.com | 3/25/2022 3:15:47 PM | SENT |
| Sheila Ferguson | | sferguson@chadpinkerton.com | 3/25/2022 3:15:47 PM | SENT |
| Chad Pinkerton | | cpinkerton@chadpinkerton.com | 3/25/2022 3:15:47 PM | SENT |
| Daphney Reid | | dreid@chadpinkerton.com | 3/25/2022 3:15:47 PM | SENT |
| Jose De Leon | | jdeleon@chadpinkerton.com | 3/25/2022 3:15:47 PM | SENT |